**Corrine V. MUNDAY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 03–3231.**

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 14, 2003.

---

1. *Spector v. Principi*, No. 00–1847, 2002 WL 31256665 (Vet.App. Oct. 4, 2002).

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

Corrine V. Munday appeals the decision of the Merit Systems Protection Board, Docket No. SF0831030127–I–1, affirming the Office of Personnel Management's denial of Ms. Munday's application for a former spouse survivor annuity. The decision of the Board is *affirmed.*

## DISCUSSION

Ms. Munday was married to Ernest E. Vappie, Jr. from 1961 until their divorce in 1971.[1] Mr. Vappie served in the military and then with the U.S. Postal Service, and retired with a total of 13 years of creditable federal service. His retirement annuity commenced on May 2, 1976. Mr. Vappie did not at the time of his retirement request that his annuity be reduced to provide a former spouse survivor annuity for Ms. Munday. He died on May 11, 2001, and Ms. Munday subsequently filed a request with the Office of Personnel Management (OPM) for a former spouse survivor annuity.

The OPM pointed to the absence of a "qualifying [court] order" related to the divorce, awarding her any portion of Mr. Vappie's retirement or survivor benefits. Ms. Munday argues that former spouse

1. The state of Louisiana issued a Judgment of Divorce on May 2, 1969. The state of California issued a Judgment of Dissolution on May 7, 1971. Ms. Munday states that the 1971 California Judgment is the correct date of divorce. The choice of dates does not affect the result.

benefits are available because the Superior Court of San Francisco maintained "reserve jurisdiction" in the 1971 California Judgment of Dissolution. Her position is that the California court retained jurisdiction over any vested and non-vested pensions, in view of the court's authority to divide the marital assets. Ms. Munday relies on the following portion of the California Judgment:

> The court also orders that this Court hereby reserves and retains jurisdiction regarding the granting of support and maintenance for petitioner and the minor children of the parties herein.

The MSPB held that this text did not grant Ms. Munday rights in Mr. Vappie's retirement or survivor benefits, and that such rights must be explicitly awarded. The MSPB rejected Ms. Munday's argument that the California court's reservation of jurisdiction concerning support and maintenance is a "qualifying order" under the Civil Service Retirement Spouse Equity Act (CSRSEA), which took effect on May 7, 1985.

■ The CSRSEA authorizes and requires the OPM to honor court orders awarding retirement and survivor benefits to the former (divorced) spouse of an employee or retiree. 5 U.S.C. § 8341(h)(1). However, the CSRSEA does not recognize court orders applying to marriages terminated before May 7, 1985. 5 C.F.R. § 838.1004(d)(1) (for purposes of affecting or awarding a former spouse annuity, a court order is not a qualifying court order whenever the marriage was terminated before May 7, 1985). The MSPB correctly held that the California judgment, which is silent as to retirement and survivor rights, does not of itself require the OPM to award a survivor annuity, when Mr. Vappie did not so elect at the time of his retirement.

■ The Board also held that Ms. Munday does not qualify as a "former spouse"

under the statute and regulations governing retirement and annuity payments. To qualify under CSRSEA, Ms. Munday must have been married to Mr. Vappie on or after May 7, 1985. 5 C.F.R. § 831.603. However, the divorce occurred in 1971. No applicable statute fills this gap, and at the time of his retirement in 1976 Mr. Vappie did not make the election that was necessary to give Ms. Munday rights in his retirement or to grant her survivor benefits. *See* 5 C.F.R. § 831.612; *see also* 5 U.S.C. § 8339(j)(3) (an employee who has a former spouse may elect to have the annuity reduced in order to provide a survivor annuity for such former spouse; such election shall be made at the time of retirement or within two years after divorce).

The Board correctly applied the law, in denying Ms. Munday's application for survivor benefits.

No costs.